# CHARLESTON.

ECLIPSE OIL CO. *v.* HENRY GARNER AND OTHERS.

Submitted February 9, 1903. Decided April 11, 1903.

1. LEASE.
  A lessor executes at different time two sets of oil leases to two different lessees, reserving the usual royalty, and after the first leases have been avoided by the execution of the second, the first lessee pays two years' rental or commutation money to the lessor with full knowledge of the execution of the second leases; such payment does not entitle such lessee to claim the reserved royalty or any part thereof, either in law or equity. (p. 153).

Appeal from Circuit Court, Wetzel County.

Bill by the Eclipse Oil Company against Henry Garner and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

FLEMING & FLEMING and U. N. ARNETT, JR., for appellant.

CALDWELL & CALDWELL and HALL & HALL, for appellees.

DENT, JUDGE:

The Eclipse Oil Company appeals from a decree of the circuit court of Wetzel County dismissing its bill filed in a certain

chancery suit therein pending instituted by it against Henry Garner and others to have an accounting of certain oil royalty. This suit is the sequel to the chancery cause of the same plaintiff against the South Penn Oil Company and others, 47 W. Va. 84, where the facts may be found stated at length. In that case the plaintiff's leases were held void as to the subsequent leases of the defendant. Plaintiff now insists that it is entitled to the one-eighth royalty received by Henry Garner under and by virtue of his lease to the South Penn Oil Company.

The grounds of this claim, as stated in the bill, are, first, that the plaintiff, after Henry Garner had executed his second leases owned by the South Penn Oil Company, paid him $2,175.00 on the 10th of November, 1898, and $2,175.00 October 31st, 1899, being the rentals or commutation money for the years expiring on the 10th day of November, 1898, and the 10th day of November, 1899, which the said Garner received in full satisfaction of such rentals; second, that the said Garner, by reason of the execution of the South Penn Oil Co. leases and putting the latter company in possession had wrongfully deprived the plaintiff of the benefit of its leases; and, third, that the plaintiff's leases covered this royalty.

Examination of the leases shows that the last contention is untenable, for the reason that in effect Henry Garner was to have this one-eighth royalty under the provisions thereof. The second ground is *res adjudicata,* by reason of the former decision of the Court in that it was held that the plaintiff's leases were void at the time Henry Garner executed the South Penn Oil Company leases, and that he had the legal right to make the latter and avoid the former.

The only question then is as to what rights the plaintiff acquired by reason of the payment of the commutation money after its leases had been legally avoided. It did not acquire thereby any right to the one-eighth royalty for the reason that its leases contain the provision, "The parties of the second part, heirs or assigns, agree to give to the first party one-eighth part of all the petroleum obtained from the said premises as produced in a crude state; the said one-eighth part of the petroleum to be set apart in the pipe line running said petroleum to the credit and for the benefit of the said party of the first part." This amounts to a clear reservation of the royalty which the

defendant Garner is charged with receiving and deprives the plaintiff of any right to have or demand the same.

The bill shows that the first payment of rental was made on the 10th day of November, 1898, being some days prior to the time which the South Penn Oil Company took possession under its leases, and this sum so paid was for the twelve months already expired. The bill does not allege that the plaintiff during this time was in any manner prevented from taking possession of and boring wells on the land under its leases. Hence the payment of this money was for a past term which it had fully enjoyed, in so far as Henry Garner was concerned, and in satisfaction thereof, and can in no manner give it any right to set up a claim to his royalty. The second payment was made after the South Penn Oil Company had taken possession of and developed the land, and was not for the purpose of purchasing the royalty, but for the purpose of enabling it to maintain its suit then pending against the South Penn Oil Company. Both payments were made with open eyes, and full knowledge of all the facts and on the sole theory that plaintiff's legal right to develop the land for oil and gas was superior to that of the South Penn Oil Company, and this it enjoyed to the fullest extent. In short, it brought a law suit and got it. The claim to this royalty is therefore an after thought arising from legal defeat, and has no foundation from the showing of the plaintiff's bill either in equity or at law. Nor has the plaintiff any lien upon or charge against this royalty for the payment of the rent or any part thereof. These propositions are so plain that it is labor wasted to argue them. Whether the plaintiff is entitled to recover the rent, having paid it with full knowledge is for a court of law to determine. Its right to such legal adjudication is reserved by the decree of the circuit court. The bill being entirely based on the contention that the plaintiff is entitled to the royalty or some part thereof, and such claim being without foundation, the circuit court committed no error in sustaining the demurrer and dismissing the same. Nor did the court err in retaining the cause until the receiver's accounts were settled. The plaintiff should pay all costs of the suit. The decree is affirmed.

*Affirmed.*